IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff,<br>Counter-defendant | )<br>)<br>) |
| v. | ) No. 09 C 6087 |
| FEDERAL CONSTRUCTION, INC.<br>and LEXINGTON INSURANCE COMPANY | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| FEDERAL CONSTRUCTION, INC., | )<br>) |
| Counter-claimant. | ) |

## OPINION AND ORDER

This case presents the question of whether plaintiff Lincoln General Insurance Company ("Lincoln") is required to defend defendant Federal Construction, Inc. ("Federal") in an action pending in the Circuit Court of Cook County, Illinois. Lincoln refused a tender of the defense of Federal and brought this declaratory action. The duty to defend depends upon whether Federal is covered as an "additional insured" under a general liability insurance policy issued to Friedler Construction Company ("Friedler"). Friedler is not a party in this case

although it is named as a defendant in a separate count in the underlying litigation.

The plaintiff in the underlying litigation, Lexington Insurance Company, has also been named as a defendant in this action, but only to the extent that it may be deemed an indispensable party. It is not participating in the cross-motions for summary judgment presently before the court.

The parties are diverse, and the amount in controversy exceeds $75,000. The court has jurisdiction of the subject matter and of the parties.

## The Underlying Litigation

Against Federal and others, Lexington filed a subrogation complaint in state court for water damage, claiming that its subrogor, a tenant, had water damage at a retail store in a strip mall owned by Federal. It is alleged that the store was damaged by rainwater on October 2, 2006. Water collected on the roof of the leased store and poured through holes in the roof and through an unprotected facade under construction.

Friedler had been hired by Federal to perform facade replacement and is separately charged in Count I of the Second

Amended Complaint with negligence in failing to supply tarps to protect open work on the facade against rainwater.

Count II of the Second Amended Complaint against Federal alleges willful and wanton negligence on the part of the owner. The original complaint against Federal charged gross negligence in connection with roof maintenance and in connection with allowed construction of an adjacent defective store roof.[1] However, the original negligence count against Federal was dismissed based on a subrogation waiver in the lease between Federal and Lexington's subrogor. Thereafter, Lexington filed the Second Amended Complaint, based on the same facts with the willful and wanton charges. Under Illinois law, willful and wanton negligence cannot be covered by a waiver. *Oelze v. Score Sports Venture, LLC*, 401 Ill. App. 3d 110, 927 N.E.2d 137, 144 (1st Dist. 2010), *appeal denied*, 237 Ill. 2d 561, ___ N.E.2d ___ (Sept. 29, 2010). It is as to this count that a defense is sought by Federal.

---

[1] The Lexington complaint also alleges in Count III that a third defendant, Best Buy, an adjacent lessee, was negligent in constructing its building in a way that resulted in water damage to the neighboring store occupied by Lexington's subrogor. The allegations and facts relating to Count III are not implicated in this case.

## Standard of Review

The interpretation of an insurance contract is a question of law, suitable for disposition on summary judgment. *T.H.E. Ins. Co. v. City of Alton*, 227 F.3d 802, 805 (7th Cir. 2000). The burden is on the insured to prove that the claim falls within the coverage of the insurance policy. *Addison Ins. Co. v. Fay*, 227 Ill. 2d 577, 905 N.E.2d 747, 752 (2009). Intent must be ascertained by construing the policy as a whole, giving due regard to the risk undertaken, the subject matter that is insured, and the purposes of the entire contract. *McFarland v. Gen. Am. Life Ins. Co.*, 149 F. 3d 583, 586 (7th Cir. 1998) (quoting *Employers Ins. v. James McHugh Constr. Co.*, 144 F.3d 1097, 1104-05 (7th Cir. 1998)). In determining whether an insurer has a duty to defend, the court must compare the allegations in the underlying complaint with the relevant coverage provisions of the insurance contract. When making this comparison, the court does not look to particular legal theories or claimed evidence, but must focus on the allegedly tortious conduct stated in the complaint. *Medmarc Cas. Ins. Co. v. Avent Am., Inc.*, 612 F.3d 607, 613 (7th Cir. 2010); *Hurst-Roche Eng'rs v. Commercial Union Ins. Co.*, 51 F.3d 1336, 1342 (7th Cir.

1995); *Allstate Ins. Co. v. Amato*, 372 Ill. App. 3d 139, 865 N.E.2d 516, 523 (1st Dist. 2007).

## Insurance Contract Provisions

The Lincoln policy issued to Friedler states with respect to "additional insured" in part as follows:

> ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION
>
> A. **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

Illinois courts have interpreted indemnification language substantially similar to the quoted coverage provision as applicable only to loss which is caused in whole or in part by negligent acts or omissions of the indemnitor of the additional insured. *Va. Sur. Co. v. N. Ins. Co. of N.Y.*, 224 Ill. 2d 550, 866 N.E.2d 149, 158-59 (2007); *Hankins v. Pekin Ins. Co.*, 305

Ill. App. 3d 1088, 713 N.E.2d 1244, 1248 (5th Dist. 1999). Here the policy language means that the additional insurance is provided only for vicarious liability imputed to Federal by the acts or omissions of Friedler, but not for Federal's own negligence. There is no reference in Count II to Friedler or to any defect in the facade which Friedler was engaged to replace. Friedler is charged in Count I with negligence unrelated to the charges against Federal in Count II. Federal is specifically charged in Count II with willfully and wantonly failing to: properly re-engineer the existing roof; maintain the roof; supervise the adjacent construction by Best Buy; respond to repeated warnings of disrepair; and warn of unsafe conditions.[2]

The moral hazard doctrine is an interpretive aid in determining intent in an insurance contract. *See Wausau Underwriters Ins. v. United Plastics Group*, 512 F.3d 953, 959-60 (7th Cir. 2008) ("Insurers are reluctant to insure against the intentional infliction of a tortious harm for obvious reasons of moral hazard (the disincentive that being insured removes to engage in the conduct insured against)."). This doctrine is

---

[2]In another proceeding in the Circuit Court of Cook County underlying litigation, it was held on November 3, 2010 that an indemnity provision in the construction contract between Friedler and Federal did not indemnify Federal for Federal's own negligence.

useful in understanding why insurers would seek to limit additional insured coverage to vicarious liability. *See Nat'l Fire Ins. of Hartford v. Walsh Const. Co.*, 392 Ill App. 3d 312, 909 N.E.2d 285, 287 (1st Dist. 2009). This doctrine reinforces the interpretation that coverage does not apply to any individual claim against Federal based on willful and wanton negligence.

Federal's arguments in support of coverage call attention to an investigation report and evidence pointing to the possible individual liability for negligence on the part of Friedler for failure to place a tarp on its facade construction. Also, Federal argues, in support of coverage, that Lincoln previously defended Federal (under a reservation of rights) and later settled another storm damage claim. However, these matters do not control or pertain to the comparison that must be made between the applicable coverage language and the allegations against Federal in Count II of the Lexington complaint.

Based on the insurance contract and the applicable underlying claim, Lincoln has no duty to defend Federal as an additional insured under the Friedler insurance contract.

IT IS THEREFORE ORDERED that defendant Federal Construction Inc.'s motion for summary judgment [20] is denied. Plaintiff Lincoln General Insurance Company's motion for summary

judgment [26] is granted. The Clerk of the Court is directed to enter judgment in favor of plaintiff-counterdefendant and against defendants-counterclaimant as follows: This court finds and declares that Lincoln General Insurance Company has no duty or obligation to provide a defense to Federal Construction, Inc. for the allegations of the Second Amended Complaint captioned *Lexington Ins. Co. v. Friedler Construction Co., et al.*, Cause No. 08 L 5704 (Circuit Court of Cook County, Illinois), under the terms of its policy of insurance numbered FLL 100001-00.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 2, 2010